UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT G. LOPEZ,<br><br>     Plaintiff,<br>  v.<br><br>TRUE RELIGION SALES, LLC,<br>CHARI&CONYC, LLC,<br>PROJECT SOCIAL T, LLC,<br>BOWERY APPAREL, LLC,<br>PINT SIZE INK, INC.,<br>SPEEDY ROMEO, LLC,<br>URBAN OUTFITTERS, INC.,<br>ALIFE HOLDINGS, LLC,<br>THE ENDURANCE INTERNATIONAL GROUP, INC.,<br>FOX AND JANE LLC,<br>SQUARESPACE, INC.,<br>DEPOP, INC., and<br>CONBODY, INC.,<br><br>     Defendants. | Civil Action No. 1:18-CV-10595 (ER) |

**DEFENDANT URBAN OUTFITTERS, INC.'S ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Urban Outfitters, Inc. ("Urban Outfitters"), by and through its undersigned counsel, submits this Answer and Affirmative Defenses to Plaintiff Robert G. Lopez's First Amended Complaint ("FAC") (Dkt. No. 7).

**NATURE OF THE ACTION**

1. With respect to the allegations concerning other Defendants, Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of those allegations in Paragraph 1, and therefore denies them. Urban Outfitters denies the remaining allegations in

Paragraph 1 and expressly denies that it has infringed Plaintiff's trademarks and that the FAC states any valid claims against Urban Outfitters.

## JURISDICTION AND VENUE

2. Urban Outfitters admits that this Court has subject matter jurisdiction.

3. With respect to the allegations concerning other Defendants, Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3, and therefore denies them. Urban Outfitters denies the remaining allegations in Paragraph 3.

4. With respect to the allegations concerning other Defendants, Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4, and therefore denies them. Urban Outfitters denies the remaining allegations in Paragraph 4.  Urban Outfitters does not contest venue in this district.

## THE PARTIES

5. Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5, and therefore denies them.

6. Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6, and therefore denies them.

7. Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7, and therefore denies them.

8. Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8, and therefore denies them.

9. Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9, and therefore denies them.

10. Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10, and therefore denies them.

11. Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11, and therefore denies them.

12. Urban Outfitters admits the allegations in Paragraph 12.

13. Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13, and therefore denies them.

14. Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14, and therefore denies them.

15. Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15, and therefore denies them.

16. Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16, and therefore denies them.

17. Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17, and therefore denies them.

**FACTS**

18. Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18, and therefore denies them.

19. Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19, and therefore denies them.

20. Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20, and therefore denies them.

21. Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21, and therefore denies them.

22. Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22, and therefore denies them.

23. Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23, and therefore denies them.

24. Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24, and therefore denies them.

25. Urban Outfitters denies the allegations in Paragraph 25.

26. Urban Outfitters denies the allegations in Paragraph 26.

27. Urban Outfitters denies the allegations in Paragraph 27.

28. Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28, and therefore denies them.

29. Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29, and therefore denies them.

30. Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30, and therefore denies them.

31. Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31, and therefore denies them.

32. Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32, and therefore denies them.

33. Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33, and therefore denies them.

34. Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34, and therefore denies them.

35. Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35, and therefore denies them.

36. Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36, and therefore denies them.

37. Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37, and therefore denies them.

38. Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38, and therefore denies them.

39. Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39, and therefore denies them.

40. Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40, and therefore denies them.

41. Urban Outfitters denies the allegations in Paragraph 41 at least because of Plaintiff's admission in Paragraph 40 of the FAC that Payless Shoesource Worldwide, Inc. is the owner of U.S. Trademark Registration No. 2,416,437 for LOWER EAST SIDE. Urban Outfitters lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 41 and therefore denies them.

42. Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42, and therefore denies them.

43. Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43, and therefore denies them.

Paragraphs 44-97 contain allegations against Defendants other than Urban Outfitters and do not appear to call for an answer from Urban Outfitters. To the extent an answer from Urban Outfitters is required, Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 44-97, and therefore denies them.

98. Urban Outfitters admits the allegations in Paragraph 98.

99. Urban Outfitters admits the allegations in Paragraph 99.

100. Urban Outfitters admits it has sold or offered for sale a jacket manufactured by Defendant Chari&CoNYC, LLC on the website www.urbanoutfitters.com. Urban Outfitters admits that Exhibit K appears to consist of a webpage that may have at one point existed on the website www.urbanoutfitters.com, but denies that it supports Plaintiff's allegations against Urban Outfitters. Urban Outfitters denies the remaining allegations in Paragraph 100.

101. Urban Outfitters admits that the image shown in Paragraph 101 contains the words "Lower East Side – New York City," but denies that it supports Plaintiff's allegations against Urban Outfitters. Urban Outfitters denies the remaining allegations in Paragraph 101.

102. Urban Outfitters denies the allegations in Paragraph 102.

103. Urban Outfitters denies the allegations in Paragraph 103.

104. Urban Outfitters denies the allegations in Paragraph 104.

105. Urban Outfitters denies the allegations in Paragraph 105.

106. Urban Outfitters denies the allegations in Paragraph 106.

107. Urban Outfitters denies the allegations in Paragraph 107.

Paragraphs 108-159 contain allegations against Defendants other than Urban Outfitters and do not appear to call for an answer from Urban Outfitters. To the extent an answer from

Urban Outfitters is required, Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 108-159, and therefore denies them.

160. Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 160, and therefore denies them.

**FIRST CAUSE OF ACTION**
**TRADEMARK INFRINGEMENT (15 U.S.C. §§ 1114-1116)**

161. Urban Outfitters incorporates by reference its answers to the allegations in Paragraphs 1-160 as if fully set forth herein.

162. As to any allegations directed to Defendants other than Urban Outfitters, Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 162, and therefore denies them.  Urban Outfitters denies the remaining allegations in Paragraph 162.

**SECOND CAUSE OF ACTION**
**UNFAIR COMPETITION & FALSE DESIGNATION OF ORIGIN (15 U.S.C. §§ 1125(a))**

163. Urban Outfitters incorporates by reference its answers to the allegations in Paragraphs 1-162 as if fully set forth herein.

164. Urban Outfitters denies the allegations in Paragraph 164.

165. As to any allegations directed to Defendants other than Urban Outfitters, Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 165, and therefore denies them.  Urban Outfitters denies the remaining allegations in Paragraph 165.

166. As to any allegations directed to Defendants other than Urban Outfitters, Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the

allegations of Paragraph 166, and therefore denies them.  Urban Outfitters denies the remaining allegations in Paragraph 166.

167.　As to any allegations directed to Defendants other than Urban Outfitters, Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 167, and therefore denies them.  Urban Outfitters denies the remaining allegations in Paragraph 167.

### THIRD CAUSE OF ACTION
### COMMON LAW TRADEMARK INFRINGEMENT & UNFAIR COMPETITION

168.　Urban Outfitters incorporates by reference its answers to the allegations in Paragraphs 1-167 as if fully set forth herein.

169.　As to any allegations directed to Defendants other than Urban Outfitters, Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 169, and therefore denies them.  Urban Outfitters denies the remaining allegations in Paragraph 169.

170.　As to any allegations directed to Defendants other than Urban Outfitters, Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 170, and therefore denies them.  Urban Outfitters denies the remaining allegations in Paragraph 170.

171.　As to any allegations directed to Defendants other than Urban Outfitters, Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 171, and therefore denies them.  Urban Outfitters denies the remaining allegations in Paragraph 171.

172.　As to any allegations directed to Defendants other than Urban Outfitters, Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the

allegations of Paragraph 172, and therefore denies them.  Urban Outfitters denies the remaining allegations in Paragraph 172.

### FOURTH CAUSE OF ACTION
### UNJUST ENRICHMENT

173.   Urban Outfitters incorporates by reference its answers to the allegations in Paragraphs 1-172 as if fully set forth herein.

174.   As to any allegations directed to Defendants other than Urban Outfitters, Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 174, and therefore denies them.  Urban Outfitters denies the remaining allegations in Paragraph 174.

175.   As to any allegations directed to Defendants other than Urban Outfitters, Urban Outfitters lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 175, and therefore denies them.  Urban Outfitters denies the remaining allegations in Paragraph 175.

### PRAYER FOR RELIEF

Urban Outfitters denies that Plaintiff is entitled to any relief.

### DEMAND FOR JURY TRIAL

Urban Outfitters admits that Plaintiff demands a jury trial.

### AFFIRMATIVE DEFENSES

By alleging the Affirmative Defenses set forth below, Urban Outfitters does not agree or concede that it bears the burden of proof or the burden of persuasion on any of these issues, either in whole or in part.

### FIRST AFFIRMATIVE DEFENSE

The FAC fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's alleged trademarks are invalid and unenforceable, at least because they are geographically descriptive and have not acquired secondary meaning.

## THIRD AFFIRMATIVE DFENSE

Plaintiff does not own, in whole or part, a federal trademark registration for the alleged LOWER EAST SIDE trademark and lacks standing to bring a claim for infringement of the mark under 15 U.S.C. § 1114, at least in part because Plaintiff admitted in Paragraph 40 of the FAC that Payless Shoesource Worldwide, Inc. ("Payless") is the owner of U.S. Trademark Registration No. 2,416,437 for LOWER EAST SIDE. Though Plaintiff alleges that by virtue of a Co-Existence Agreement with Payless he "*claims*" joint ownership of the LOWER EAST SIDE mark, Plaintiff has not provided the Co-Existence Agreement, an affidavit from Payless, or anything else to support an allegation of *actual* joint ownership or a right otherwise to assert the mark. FAC, ¶ 41 (emphasis added). "A consent agreement is neither an assignment nor a license." 3 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 18:79 (5th ed. 2017); *Circle Line Sightseeing Yachts, Inc. v. Circle Line-Statue of Liberty Ferry, Inc.*, No. 01 CV 9788 (NRB), 2003 U.S. Dist. LEXIS 1501, *15 n.7 (S.D.N.Y. Feb. 3, 2003) (citing same).

## FOURTH AFFIRMATIVE DFENSE

On information and belief, Plaintiff is conspiring to engage in a scheme to obtain a federal registration for the mark LOWER EAST SIDE under false pretenses, to commit fraud on the U.S. Patent and Trademark Office and the courts, and to extort money from others through allegations of trademark infringement of a fraudulently obtained mark.

On information and belief, Catherine Fandino is a friend of, and lives together with, Plaintiff. On September 9, 2018, Ms. Fandino filed U.S. Trademark Application Serial No. 88109917 for the mark LOWER EAST SIDE. *See* **Exhibit A**. Ms. Fandino listed her address on the application as 230 Clinton Street, Suite 11C, New York, NY 10002, which is the same address as Plaintiff. *See* FAC, ¶ 5. Ms. Fandino claimed in the application that her date of first use of the mark was July 6, 1997, which corresponds with Plaintiff's claim of first use of the mark "at least as early as July 1997." *See* FAC, ¶ 18. As evidence of use of the mark in commerce, Ms. Fandino submitted a specimen of a t-shirt bearing a source tag stating "L.E.S. CLOTHING CO.", which is the name of Plaintiff's clothing store that he allegedly independently operates, and is therefore on information and belief a product sold by Plaintiff. *See* FAC, ¶ 19.

Ms. Fandino signed a declaration to her application stating: "The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered; [t]he mark is in use in commerce on or in connection with the goods/services in the application; [t]he specimen(s) shows the mark as used on or in connection with the goods/services in the application; and [t]o the best of the signatory's knowledge and belief, the facts recited in the application are accurate. To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive. To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support. ***The signatory being warned that willful false statements and the like are***

*punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.*" *See* **Exhibit A** (emphasis added).

On information and belief, Ms. Fandino made false statements under the penalty of perjury in signing the declaration and knew those statements were false when they were made, and such statements were therefore made fraudulently. On information and belief, Plaintiff conspired with, and provided substantial assistance to, Ms. Fandino in attempting to register the LOWER EAST SIDE mark.

On information and belief, Plaintiff is barred from registering the mark under Plaintiff's Co-Existence Agreement with Payless. On information and belief, Plaintiff and Ms. Fandio intended to circumvent the Co-Existence Agreement by attempting to register the LOWER EAST SIDE mark in violation of the agreement.

On information and belief, Plaintiff and Ms. Fandino's actions are part of a pattern of conduct to commit fraud on the U.S. Patent and Trademark Office and the courts, and to extort money from others through allegations of trademark infringement of a fraudulently obtained mark. On September 25, 2009, Amalgam Entertainment, LLC, et al. brought an action against, inter alia, Plaintiff and Ms. Fandino for fraudulently obtaining U.S. Registration No. 3,669,123 for the mark AMALGAM ENTERTAINMENT and conspiring to extort money from the plaintiff in that case, the senior user of the mark. *See* **Exhibit B** (Complaint in Amalgam Entertainment, LLC v. Sandy Lal, et al., No. 1:09-cv-11601 (WYG) (D. Mass.)). When the defendants refused to engage in discovery and comply with the Federal Rules and court orders,

12

the Court entered judgment against defendants and sanctioned them by ordering that the registration be canceled and enjoining Ms. Fandino from use of the mark. *See* **Exhibit C**.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has abandoned his alleged trademarks.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has been using and is attempting to use further his alleged trademarks in violation of antitrust laws, *inter alia*, by seeking an improper and unconstitutional monopoly on the use of the phrases "Lower East Side" and "LES NYC."

### SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff may have any common law rights in his alleged trademarks, they are limited to the territorial areas in which such alleged marks have achieved trademark significance.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by one or more of the equitable doctrines of laches, estoppel, waiver, or unclean hands.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of fair use.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of preemption.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish actual economic harm.

### TWELFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff suffered any damage or injury, which Urban Outfitters expressly denies, Plaintiff failed to take necessary steps to mitigate the damage or injury sustained.

### THIRTEENTH AFFIRMATIVE DEFENSE

There is misjoinder of Defendants, a disparate group of unrelated entities, each of which has engaged in separate and unrelated business transactions.

### FOURTEENTH AFFIRMATIVE DEFENSE

Urban Outfitters has not infringed and does not infringe any valid, enforceable trademark of Plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

Urban Outfitters has not engaged in any unfair competition or false designation of origin.

### SIXTEENTH AFFIRMATIVE DEFENSE

Urban Outfitters has not committed any acts resulting in unjust enrichment against Plaintiff.

### RESERVATION OF ADDITIONAL DEFENSES

Urban Outfitters reserves any and all additional defenses available under Title 17 of the United States Code, the rules, regulations, or laws related thereto, the Federal Rules of Civil Procedure, the Rules of this Court, and/or otherwise in law or equity, now existing or later arising, as may be discovered.

### PRAYER FOR RELIEF

WHEREFORE, Urban Outfitters respectfully requests entry of judgment in its favor and against Plaintiff as follows:

A. Dismiss Plaintiff's FAC with prejudice in its entirety;

B. Enter judgment in favor of Urban Outfitters and against Plaintiff;

C. Enter a judgment and declaration that Urban Outfitters has not infringed Plaintiff's alleged trademarks under the Lanham Act;

D. Enter a judgment and declaration that Urban Outfitters has not committed any acts of unfair competition and false designation of origin under the Lanham Act;

E. Enter a judgment and declaration that Urban Outfitters has not infringed Plaintiff's alleged trademarks under the laws of the state of New York;

F. Enter a judgment and declaration that Urban Outfitters has not committed any acts of unfair competition under the laws of the state of New York;

G. Enter a judgment and declaration that Urban Outfitters has not committed any acts resulting in unjust enrichment;

H. Enter a judgment and declaration that Plaintiff's alleged trademarks are invalid;

I. Enter a judgment and declaration that no damages, profits, attorneys' fees, costs, pre- or post-judgment interest, or any other compensation or damages are due or owed by Urban Outfitters to Plaintiff for any of the acts alleged in the FAC;

J. Deny Plaintiff's request for injunctive relief;

K. Award to Urban Outfitters its attorneys' fees, expenses, and costs incurred in this action, pursuant to 15 U.S.C. § 1117(a) and any other applicable law; and

L. Award to Urban Outfitters such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Urban Outfitters demands a trial by jury on all issues so triable.

Dated: January 11, 2019                Respectfully submitted,

/s/ Darren M. Geliebter
Darren M. Geliebter
Eric J. Huang (*pro hac vice pending*)
**Lombard & Geliebter LLP**
305 Broadway, 7th Floor
New York, New York 10007
Telephone: (212) 520-1172
Facsimile: (646) 349-5567
Email: dgeliebter@LombardIP.com
          ehuang@LombardIP.com

*Attorneys for Defendant*
*Urban Outfitters, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 11th day of January 2019 a copy of the foregoing Defendant Urban Outfitters, Inc.'s Answer to Plaintiff's First Amended Complaint was filed electronically using the Court's electronic filing system. Notice of this filing will be sent electronically to all parties of record by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. A copy of the foregoing was also sent electronically to:

    Robert G. Lopez
    230 Clinton St. Apt. #11C
    New York, NY 10002
    lesclothing@gmail.com
    *Plaintiff*

    /s/ Darren M. Geliebter
    Darren M. Geliebter