

21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**James Rosenfeld**
212-603-6455 tel
212-489-8340 fax

jamesrosenfeld@dwt.com

January 11, 2019

<u>**Via ECF**</u>
Hon. Edgardo Ramos
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

  Re: *Lopez v. True Religion, et al.*, No 18-10595 (S.D.N.Y.)

Dear Hon. Judge Ramos:

  We represent Defendant Squarespace, Inc. ("Squarespace") in the above-referenced action. We write pursuant to Rule 2.A.ii of Your Honor's Individual Practices to request a pre-motion conference on Squarespace's anticipated motion to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Squarespace's grounds for dismissal largely mirror those of The Endurance International Group, Inc.'s ("Endurance") (Dkt. No. 31), since both defendants are internet service providers that have been sued for allegedly hosting websites on which third parties sell infringing goods. We therefore respectfully suggest that the Court may want to handle both applications together at the conference it has set for January 18th.

  Plaintiff Robert Lopez ("Lopez") filed this lawsuit over the alleged use of the geographically descriptive terms, LOWER EAST SIDE and LES NYC, on clothing. He alleges that he has operated a clothing business called L.E.S. Clothing Company since approximately 1999, selling headwear, t-shirts, sweaters, sweatshirts and other apparel bearing these marks. He asserts trademark, unfair competition and unjust enrichment claims against eleven retailers of apparel bearing "Lower East Side" or "L.E.S.," and two internet service providers– Squarespace and Endurance – that host third-party websites.

  In Squarespace's case, Lopez alleges that one of the many sites it hosts, www.lowereastsidesexshop.com, sells clothing bearing his alleged LOWER EAST SIDE and L.E.S. marks. Upon information and belief, the website about which Plaintiff means to complain is www.lowereastsidesexclub.com. That site appears to be operated by an entity called the Lower East Side Sex Club ("LES Sex Club") that sells apparel bearing the name "Lower East Side Sex Club" and "LES Sex Club," in a different style, color and font than Plaintiff's and with distinct visual elements that are nowhere to be seen in Plaintiff's goods. The notion that Plaintiff has a trademark claim or any other claim against the LES Sex Club is frivolous, as he seemingly

| Anchorage | New York | Seattle |
| Bellevue | Portland | Shanghai |
| Los Angeles | San Francisco | Washington, D.C. |

www.dwt.com

January 11, 2018
Page 2

acknowledges by declining to name it as a defendant.  The notion that Plaintiff has a claim against *Squarespace* for hosting a website on which LES Sex Club posts images of its apparel and other content is even further beyond the pale.[1]

Squarespace intends to move to dismiss on the same grounds set forth by Endurance in its December 26 letter.  First, there is no basis for a claim of *direct* trademark infringement liability against an internet service provider based on its mere hosting of a third-party website.  *See Tiffany (NJ) Inc. v. eBay, Inc.,* 576 F. Supp. 2d 463, 501 (S.D.N.Y. 2008) (company that did not create content but merely hosted third-party content not liable for direct infringement), *aff'd,* 600 F.3d 93, 106 (2d Cir. 2010).[2]  Second, Plaintiff has not plausibly alleged either that Squarespace (1) intentionally induced LES Sex Club to infringe the alleged marks, or (2) continued to supply services to LES Sex Club, knowing or having reasons to know LES Sex Club was engaging in infringing activities, the elements of *contributory liability*.  *Id.* at 600 F.3d at 106.  Third, Plaintiff has not plausibly alleged any basis for *vicarious* liability, based either on agency or joint tortfeasor liability.  *Ascentive, LLC v. Op. Corp.,* 842 F. Supp. 2d 450, 471 (E.D.N.Y. 2011) (dismissing vicarious trademark claim).  Fourth, Plaintiff's claim of unjust enrichment should be dismissed because Plaintiff fails to plead a direct relationship with defendant. *Georgia Malone & Co. v. Rieder*, 132, 2012 NY Slip Op 05200 (N.Y. June 28, 2012) (plaintiff must establish not only a connection with the defendant, but that they had dealings together).

Thank you for the Court's attention to this matter.

Respectfully submitted,

James Rosenfeld

cc:      Plaintiff (via Email and First Class Mail)
         All Counsel of Record (via ECF)

---

[1] Just as set forth in Endurance's letter, Plaintiff makes a number of false statements in the Complaint regarding Squarespace, including the allegations that Squarespace (rather than the website operator) provides "an online store" in which the allegedly infringing goods are sold (First Amended Complaint, ¶ 138); that Squarespace failed to act expeditiously in response to its Infringement Notice (*id.*, ¶ 139); and that Squarespace itself is using the marks at issue in commerce and "displaying and promoting products" bearing the marks, rather than merely hosting a site which is selling allegedly infringing apparel (*id.*, ¶ 140).

[2] Plaintiff also improperly bases his federal trademark infringement claim pursuant to 15 U.S.C. § 1114 on asserted common law trademark rights in LOWER EAST SIDE.  He must have a federal registration to assert such a claim.